IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSHUA GONZALEZ** *et al.*, | : | |
| *Plaintiffs* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **ACCOUNT RESOLUTION** | : | |
| **SERVICES, LLC** *et al.*, | : | **No. 20-3259** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                                              JULY 15, 2021

The Court previously denied ARS Account Resolution Services' Motion to Dismiss Plaintiffs' Complaint. In so doing, the Court also deemed timely Plaintiffs' service of the Complaint and summons. However, although it denied the motion to dismiss, for reasons reiterated below, the Court awarded ARS Account Resolution Services ("ARS") reasonable fees and costs related to the service issue upon which ARS based its motion. To that end, the Court ordered ARS to submit a declaration of reasonable fees and costs. ARS did so, and Plaintiffs submitted their opposition. For the reasons that follow, the Court will grant a portion of the fees and costs ARS seeks in its declaration.

### BACKGROUND

This case involves allegations by Joshua Gonzalez against ARS Account Resolution Services for violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*[1] Mr. Gonzalez argues that ARS reported inaccurate data to credit reporting agency Experian and failed to conduct a proper investigation after Mr. Gonzalez filed a dispute. ARS moved to dismiss the Complaint's

---

[1] This case originally involved multiple plaintiffs and multiple defendants. As a result of several settlements, the only remaining plaintiff is Joshua Gonzalez, and the only remaining defendant is ARS Account Resolution Services.

1

claims against it due to untimely service of process. As explained above, the Court denied ARS's motion to dismiss but awarded ARS reasonable fees and costs related to the service issue. *See* Doc. No. 15.

**LEGAL STANDARD**

When assessing the reasonableness of claimed attorneys' fees, courts in the Third Circuit typically use the lodestar formula whereby the number of hours reasonably expended are multiplied by a reasonable hourly rate. *Maldonado v. Houstoun*, 256 F.3d 181, 184 (3d Cir. 2001). "In calculating the hours reasonably expended, a court should 'review the time charged, decide whether the hours set out were reasonably expended for each of the particular purposes described and then exclude those that are 'excessive, redundant, or otherwise unnecessary.'" *Id.* (quoting *Public Int. Research Group of N.J., Inc. v. Windall*, 51 F.3d 1179, 1188 (3d Cir. 1995)). Furthermore, a "district court has discretion in determining the amount of a fee award" given its "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

**DISCUSSION**

ARS's declaration of fees and costs seeks compensation of $4,576.50 for 18.6 hours of work.[2] Doc. No. 17 at 3-4. The declaration lists hours worked by partner Richard Perr, of counsel attorney Amy Goldstein, associates Monica Littman, Graeme Hogan, and Jose Calves, and paralegal Patricia Buchanan. ARS represents that Mr. Perr's current hourly rate is $550, but his "discounted insurance rate," applicable here, is $275 per hour. Ms. Goldstein, who has over 30 years of experience, has a current hourly rate of $400 to $450, with a discounted insurance rate of

---

[2] The Court notes that Exhibit A to the declaration includes 2.5 hours of total work performed by Mr. Perr. However, because ARS's declaration seeks 2 hours for Mr. Perr and lists the total cost for such work as $550 (2 x $275), Doc. No. 17 at 3, the Court assumes that ARS chose to declare only 2 hours of work for Mr. Perr.

2

$275 per hour. The hourly rates for the associates range from $350 to $400 but their discounted insurance rate is $245 per hour. The paralegal's discounted rate is $100 per hour.

"Generally, a reasonable hourly rate is calculated according to the prevailing market rates in the relevant community." *Maldonado*, 256 F.3d at 184. An appropriate starting point is usually the attorney's normal billing rate. *Id.* at 184-85. Here, ARS represents that the attorneys and the paralegal that have worked on this case have done so at a discounted rate. The Court is satisfied that these discounted hourly rates put forth by ARS constitute reasonable hourly rates in light of the local market rate for such services with which the Court is generally familiar. The Court notes in this regard that Mr. Gonzalez and his counsel do not challenge the rates asserted by ARS.

"The party seeking attorney's fees has the burden to prove that its request for attorney's fees is reasonable." *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). ARS represents that the 18.6 hours of work time were necessary to obtain and verify information related to the delayed service of the Complaint and summons, to file a motion to dismiss, to analyze the Plaintiffs' opposition, to prepare a reply brief, and other matters. Doc. No. 17 at 4.

"Once the adverse party raises objections to the fee request, the district court has a great deal of discretion to adjust the fee award in light of those objections." *Rode*, 892 F.2d at 1183. Here, Mr. Gonzalez objects to some of the work listed in ARS's declaration of costs and fees as redundant, unnecessary, excessive, or unrelated to the service issue, listing each disputed item in a chart with an accompanying explanation as to why the Court should exclude them. In all, Mr. Gonzalez asks the Court to reduce ARS's fee request by at least $1,595.50.[3] Doc. No. 19 at 5.

---

[3] As noted above, Mr. Gonzalez asks the Court to reduce ARS's fee request by at least $1,595.50. Although it does not impact the Court's analysis of the reasonableness of ARS's requested fees and costs, according to the Court's calculations, the total amount of disputed charges listed in the chart in Mr. Gonzalez's opposition is $1,625.50. Doc. No. 19 at 3-4. This includes 1.9 hours billed at the associate

3

Mr. Gonzalez also argues that ARS "cannot seek[] attorney fees for the task of seeking fees here." Doc. 19 at 5. The Court disagrees. *See Rode*, 892 F.2d at 1192 (remanding to district court to determine number of hours reasonably devoted to preparing fee petition); *Steward v. Sears, Roebuck & Co.*, No. 02-cv-8921, 2008 WL 1899995, at *5 (E.D. Pa. Apr. 29, 2008) ("Generally, the time counsel spends preparing fee petitions is compensable so long as the hours spent are not excessive." (citing *Hernandez v. Kalinowski*, 146 F.3d 196, 199-200 (3d Cir. 1998))).

After a careful review of ARS's declaration and Mr. Gonzalez's opposition, the Court finds that the following disputed fees and costs listed in the chart below, as identified in Mr. Gonzalez's opposition to ARS's declaration, are unrelated to the service issue or are otherwise redundant. Accordingly, these will not be awarded to ARS.

| Date | Attorney | Description | Hours | Rate | Amount |
| --- | --- | --- | --- | --- | --- |
| 12/2/20 | MOL | Analyze the statute of limitations for Huber and Gonzalez's FCRA claims | 0.40 | $245 | $98 |
| 12/3/20 | MOL | Emails with [redacted] re settlement strategy | 0.20 | $245 | $49 |
| 12/14/20 | MOL | Review Plaintiffs' opposition to MTD | 0.30 | $245 | $73.50 |
| 1/8/21 | MOL | Emails with Steven Benedict, Esq. re Amended Stipulation of Huber's claims | 0.30 | $245 | $73.50 |
| 1/8/21 | MOL | Telephone call with Steven Benedict, Esq. re improper stipulation re dismissal of Huber's claims | 0.10 | $245 | $24.50 |
| 1/8/21 | MOL | Telephone call with [redacted] re Huber's request to dismiss claims | 0.20 | $245 | $49 |
| 6/15/21 | GRH | Emails with client regarding strategy following order on MTD | 0.20 | $245 | $49 |
| **TOTAL** | | | 1.7 | $245 | $416.50 |

However, the Court finds that the remaining fees and costs disputed by Mr. Gonzalez are reasonable and, thus, it approves them. Additionally, the Court approves as reasonable the

---

rate (1.9 x $245), 4 hours billed at the partner/of counsel rate (4 x $275), and 0.6 hours billed at the paralegal rate (0.6 x $100).

undisputed fees and costs. *See* Doc. 17-1 (Exhibit A to ARS's Declaration). ARS sought $4,576.50 in its declaration. Doc. No. 17 at 4. After subtracting the above amounts, which total $416.50, the Court will award ARS $4,160.00 in fees and costs.

## CONCLUSION

For these reasons, the Court grants a portion of the fees and costs requested in ARS's declaration. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE